BROZOVICH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 205. Submitted under sec. (Rule) 251.54 June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 639.)

For the plaintiff in error the cause was submitted on the briefs of *Dennis Egre* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

WILKIE, C. J. We are asked to review the trial court's eight-year sentence as given in 1973 to the plaintiff in error, Robert Brozovich, Jr. (hereinafter defendant), following his conviction on a 1971 charge of burglary of a house trailer, contrary to secs. 943.10 (1) (a) and 939.05, Stats. He was also charged as a repeater under

sec. 939.62, but this charge was dropped. The defendant pled guilty to the burglary charge. This plea was the result of negotiations between the defendant and the state, whereby the state agreed to drop the repeater charge in exchange for defendant's plea of guilty to the charge of burglary. There is no challenge on appeal to the taking of the guilty plea. The record reveals that the guilty plea proceedings are in accordance with the mandates of this court in *Ernst v. State*,[1] and that the plea was voluntarily, intelligently and knowingly entered. In entering its sentence the trial court observed the statutory maximum penalty of ten years. It sentenced the defendant to an indeterminate term of eight years.

The sole issue on this review is whether the imposition of an eight-year sentence constitutes an abuse of discretion.

While this court, as held in *State v. Tuttle*,[2] will review sentences to determine whether there has been an abuse of discretion, we also stated in *Tuttle* that:

". . . this question should be treated in terms of strong policy against interference with the discretion of the trial court in passing sentence . . . ."

In reviewing a sentence to determine whether or not discretion has been abused:

". . . we start with the presumption that the trial court acted reasonably and with the requirement that the complainant must show some unreasonable or unjustifiable basis in the record for the sentence complained of."[3]

This court's review of sentence was defined further in *McCleary v. State*:[4]

". . . sentencing is a discretionary judicial act and is reviewable by this court in the same manner that all discretionary acts are to be reviewed.

---

[1] (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

[2] (1963), 21 Wis. 2d 147, 150, 124 N. W. 2d 9.

[3] *Jung v. State* (1966), 32 Wis. 2d 541, 548, 145 N. W. 2d 684.

[4] (1971), 49 Wis. 2d 263, 277, 278, 182 N. W. 2d 512.

". . . this court should review and reconsider an allegedly excessive sentence whenever it appears that no discretion was exercised in its imposition or discretion was exercised without the underpinnings of an explained judicial reasoning process. Where the judicial sentencing discretion is exercised on the basis of clearly irrelevant or improper factors, an abuse of discretion also results."

The defendant contends that the trial court exercised its sentencing discretion on the basis of irrelevant and improper factors in that the trial court took into consideration other pending charges against the defendant, and took into consideration the numerous adjournments which had occurred during the pendency of the case.

The state first maintains that the defendant's failure to present a motion to the trial court to review his sentence precludes appellate review of the alleged abuse of trial court sentencing discretion.

It is crucial to note that the sentence was imposed by the trial court on December 5, 1973. Thus, the law as announced in *State v. Foellmi*[5] (decided March 13, 1973), was to the effect that:

". . . the requirement that a motion be made to the trial court to correct a sentence deemed excessive or imposed with an abuse of discretion is unnecessary to preserve such question for review by this court unless new factors are, in fact, present which the trial court should consider . . . ."

*Foellmi* was altered by *Korpela v. State*[6] and the requirement of a motion was reinstated. Since this matter was before the trial court when the rule of *Foellmi* was in effect the fact that no such motion was made in trial court does not bar us from considering his complaint as to the sentence.

On November 14, 1973, the defendant took the stand and was questioned by defense counsel as to his age,

[5] (1973), 57 Wis. 2d 572, 582, 205 N. W. 2d 144.
[6] (1974), 63 Wis. 2d 697, 702, 218 N. W. 2d 368.

background, and prior record. The defendant testified that he had previously been involved in "various criminal acts;" but that since his release from parole on August 10, 1971, he had been conducting himself in "a reasonable manner." He revealed that additional criminal charges were pending against him; that a charge of possession of burglarious tools was to be tried January 17, 1974, in another court; and the state had offered to have that case read into the present case but he refused because he was not guilty of the charge.

After the defendant had been found guilty and convicted of burglary, defense counsel made a sentencing statement. Defense counsel acknowledged that up to 1970, the defendant's record was "rather bad," including two convictions for burglary; but that since 1970 the defendant had taken a "turnabout" and had no record for the last three years. At this point the trial court questioned the accuracy of counsel's statement in light of the fact that the defendant had just been convicted of a burglary that occurred September 12, 1971, and was charged on March 28, 1972, with possession of burglarious tools. The district attorney then informed the court that two other burglary charges and a charge for receiving stolen property were pending. The defense counsel informed the court that the burglary charge pending before it was to be dismissed pursuant to plea negotiations. At this time court was adjourned.

The trial court reconvened on December 5, 1973, for the purpose of imposing sentence. Defense counsel argued for probation, stating that since the defendant has been released from parole he has not been in any difficulty other than the five cases pending. Defense counsel stated that to his knowledge, the defendant had not yet been convicted of these charges.

The defendant made a statement in which he informed the court that he had stayed out of trouble for over a year; that he had plans of getting married to the mother

of his child; that he had steady employment, and that he had been consulting a priest.

When the trial court was unable to determine what, if any, disposition had occurred on the other charges, it ordered all the files pulled on the defendant so that it could see what happened. The records revealed that the defendant had pled guilty to the charge of receiving stolen property in exchange for the state's promise to dismiss a theft charge; that a burglary charge was pending in Ozaukee county; that a jury trial was set in another court for January 17, 1974, on a charge of possession of burglarious tools; and that the burglary charge still pending in the instant court was to be dismissed for the defendant's promise to testify against another. The following colloquy took place between the court and the defendant:

"*Court:* Let the Court record indicate as follows:

"5/1/69 escape from custody.

"4/3/68 burglary, two years Green Bay.

"12/23/67 Drivers license law. Five days in the County Jail.

"11/9/67 fraudulent use of a credit card, 30 days County Jail.

"7/29/67 driving without an operator's license. $50 and costs.

"5/9/59 improper use of evidence of registration. $25 and costs.

"3/14/66 burglary. Three years Green Bay.

"Then we get down to the five cases now pending. Two burglaries, one possession of burglarious tools, one other burglary in Grafton, plus this other one that is before me now.

"*Defendant:* Your Honor, I am not guilty of all of the crimes.

"*Court:* I didn't say you are guilty. Is that record accurate?

"*Defendant:* Yes. Can't you look at the present. I would appreciate it. Not the present, the future.

*"Court:* Yes, I am looking in the future. I am also looking at how the citizens of this community have suffered as a result of you.

*"Defendant:* In the past. Can I ask you this. I am not trying to be sarcastic or anything. A man is sent to prison to rehabilitate. I come out and not rehabilitated.

*"Court:* And to protect society.

*"Defendant:* Right. I came out, didn't rehabilitate when I was in, that is true. In the past year, I have rehabilitated myself right out here. If you do send me to Jail—

*"Court:* It is only a damn fool that commits crime while he has other cases pending. Do you see what I mean?

*"Defendant:* Yes.

*"Court:* That is why you didn't do it. Because you had five cases pending and you know and I know that if this repeater—

*"Defendant:* I didn't do half of the cases but I just kept getting more of them.

*"Court:* Maybe you didn't. But you have been found guilty before me."

During these proceedings the trial judge expressed his concern with what he termed the "gimmicking" of the courts, whereby through numerous adjournments charges against the defendant had been allowed to remain pending for two years.[7]

Following the imposition of sentence, the trial court stated for the record its reasons for the imposition of the eight-year sentence:

"This Court does not feel that this defendant is a fit subject for probation supervision at this time. The Court is taking into consideration the defendant's past record of involvement in crime and taking into consideration that during the said pendency of this case before this Court, this case has been adjourned before it got to sentencing 15 different times."

---

[7] *"Court:* I can tell you these judgment rolls are going to be photostated and sent to the supreme court. Every one is a gimmick. One says adjourned, 6467 so 6070 can be tried. 6070 says we are

*Consideration of pending cases.*

The defendant argues that the trial court abused its discretion by considering other pending charges against the defendant even though the record demonstrates a lack of familiarity by the trial court with the substance and basis for such charges and the defendant professed his innocence of such charges, expressly objecting to the trial court's consideration of those charges. The defendant, however, concedes that, in explaining its sentence, the trial court did not state among its reasons the charges

going to adjourn so H-4818 can be tried. H-4818 says it is going to be adjourned so we can try 6498. They have never made an effort, they have played one court against the other. That is exactly what happened. Photostat each one of the judgment rolls.

"*Mr. Murray:* For the record I don't believe, I honestly don't believe I tried to play games.

"*Court:* I know, you told me. Until the other is disposed of. Mr. Schrinsky told me his case was being adjourned until the other cases was disposed of. They have gimmicked around these trials for two years."

In response to defendant's plea to take what he said into consideration, the trial judge further expressed his concern with the misuse of the courts.

"*Court:* I am taking into consideration what you said and I don't believe you. I don't believe a man who comes before me reflects a past criminal record as you have and gives excuses for it, that the court should give sympathy because he has a young baby.

"Sir, you have led a life of crime since you have been out of the institution. You have continued to lead a life of crime. You have been able through your attorney to gimmick these cases around in the Milwaukee county courts for two years. You have—you should have been in the institution a year ago.

"All during that time the citizens of this community, Milwaukee county, are now here today with four files of further criminal activity that you participated in. Now when you ask me with an open mind and your attorney asks me to give you probation, I say if any judge does that he belongs in the insane hospital because your record here is an outright disgrace.

"How our court system has been misused in this instance, I intend to find out. I will order a court transcript from every one of these adjournments to find out how this was maneuvered."

pending against the defendant. He argues that it can be presumed that the trial court took the pending charges into consideration in imposing sentence. Such a presumption cannot be drawn in view of this court's admonitions in *Jung, supra,* and *Tuttle, supra.* Much of the information concerning the pending charges was brought to the attention of the trial court by the defendant himself. The issue was further explored in response to the defendant's assertion that his record was clean for the three years preceding the present conviction. The trial court was entitled to information which showed that the defendant was not entitled to consideration of this fact as a mitigating factor, in that it was only true to the extent that defendant had no convictions on his record for that period of time. His slate was not completely clean. It does not automatically follow that because of this discussion the trial court must have utilized defendant's pending charges in his sentencing deliberations. The record indicates otherwise. Knowledge of pending charges does not vitiate the sentence where the trial court did not express its opinion as to the guilt or innocence of the defendant in the pending cases or rely on the pending charges in order to impose an increased penalty.

Furthermore, even if the trial court took the pending charges into consideration in imposing sentence, under the decisions of this court it was entitled to do so. This court in *Waddell v. State,*[8] stated that the state attorney:

". . . may properly use information relating to complaints of other offenses in his argument on sentence. These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendent's character, a critical factor in sentencing."

[8] (1964), 24 Wis. 2d 364, 368, 129 N. W. 2d 201. *See also: Lange v. State* (1972), 54 Wis. 2d 569, 196 N. W. 2d 680; *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521; *Witzel v. State* (1969), 45 Wis. 2d 295, 172 N. W. 2d 692; *State v. Smith* (1969), 45 Wis. 2d 39, 172 N. W. 2d 18.

*Consideration of the numerous adjournments.*

The judgment roll indicates a total of 17 court appearances in this case. The initial appearance, preliminary examination, arraignment, guilty plea hearing and sentencing hearing account for five of these appearances. Three others were scheduled to set dates. Adjournments were obtained on the defense's request on three occasions. The judgment roll fails to indicate the causes of the other six continuances. None are specifically revealed as prosecution continuances. The record further reveals that the defendant was released on bail in September, 1971. Between that time and the disposition of the instant case, several other criminal charges were lodged against the defendant. During this time the defense requested adjournments of the instant case so that it could proceed to trial on other criminal charges. The defense suggested that another trial might be avoided. Delay amounted to two years, and the other criminal charges were not resolved. Ultimately the state demanded a speedy trial in this case. The trial court's concern and determination that the system had been "gimmicked" and society inadequately served was reasonable and wholly justifiable. Successive adjournments by the defense or the state places an unwarranted additional weight upon this state's already overburdened trial courts. If there was specific proof that these tactics were the defendant's responsibility, this court would find no abuse of discretion in the trial court's consideration of this factor in sentencing.[9] However, in this case such specific proof is lacking, and consideration of the number of adjournments, without

[9] *See: United States v. Wiley* (7th Cir. 1959), 267 Fed. 2d 453; *Finger v. State* (1968), 40 Wis. 2d 103, 113, 114, fn. 1, 161 N. W. 2d 272.

proof of the defendant's responsibility therefor, constitutes an abuse of discretion.[10]

Although the record indicates that the imposition of an eight-year sentence in this case may well be appropriate given the trial court's consideration of an improper factor in sentencing the defendant, we remand this case for resentencing.

*By the Court.*—Judgment reversed and cause remanded for resentencing.

[10] In *Tuttle, supra,* footnote 2, at page 152, the trial court imposed a fine for speeding which was near the top of the fine range. This court found that the dilatory tactics of trial counsel in obtaining and seeking to obtain adjournments constituted the predominate factor considered in imposing such fine. This court held that the conduct of defense counsel is not an appropriate consideration in imposing sentence:

". . . At best, defendant's counsel were inconsiderate, at worst contemptuous.

"We conclude, however, that it was inappropriate to increase defendant's fine substantially beyond what would otherwise have been imposed because of the unsatisfactory conduct of his counsel. Other means are at hand for disciplining attorneys."