HANDEL, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–620–CR.  Argued November 4, 1976.—*
*Decided December 14, 1976.*
(Also reported in 247 N. W. 2d 711.)

700

For the plaintiff in error the cause was argued by *Richard M. Sals,* assistant state public defender, with whom on the brief was *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. No challenge is raised to the trial court's comments on the seriousness of the crime of cattle-rustling. None could be. It is true that in frontier days, on the open range, rustlers would steal whole herds of cattle, altering brands and driving them to market for sale. Nowadays, with pastures fenced, rustlers are more likely to kill and steal the carcass of one or more cows. But now as then, the individual farmer is highly vulnerable to the rustler's foray. No adequate public or private security measures are available to protect cattle in a field at night. Even watchdogs go to sleep at night. The action of our state legislature in treating more seriously thefts of livestock than thefts of other items of personal property is entirely warranted.[1]

The sole challenge to the sentence imposed is that the trial court took into consideration in determining the appropriate sentence a pending criminal charge, to wit, carrying a concealed weapon,[2] of which this defendant had not been convicted. However, the authority for the trial court's action was spelled out by this court in the recent case of *Brozovich v. State,*[3] where it was held:

"[E]ven if the trial court took the pending charges into consideration in imposing sentence, under the deci-

---

[1] *Compare* sec. 943.20 (3) (b) with sec. 943.20 (3) (d) 1., Stats.
[2] Contrary to sec. 941.23, Stats.
[3] 69 Wis.2d 653, 230 N.W.2d 639 (1975).

sions of this court it was entitled to do so. This court in *Waddell v. State,* stated that the state attorney:

" '. . . may properly use information relating to complaints of other offenses in his argument on sentence. These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in sentencing.' "[4]

■ Defendant's counsel on appeal argues that such consideration of pending charges which have not been read into the record in order to bar further prosecution is a denial of due process of law ". . . notwithstanding *Waddell* and *Brozovich.*" We reject the contention that the holdings of *Waddell* and *Brozovich* need be reversed for constitutional reasons or that they can be distinguished from the procedure here followed by the trial court. The United States Supreme Court, in upholding consideration by a sentencing judge of full data relating to a convicted defendant's life and characteristics as not inconsistent with due process, has stated that:

"[M]odern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."[5]

■ ■ In rejecting the challenge to the sentence imposed on due process grounds, the high court in *Williams* held that due process does not ". . . [render] a sentence void merely because a judge gets additional out-of-court information to assist him. . . ."[6] Subsequently, the high

---

[4] *Id.* at 661, 230 N.W.2d at 644, citing and quoting *Waddell v. State,* 24 Wis.2d 364, 368, 129 N.W.2d 201, 203 (1964).

[5] *Williams v. New York,* 337 U.S. 241, 247 (1949). *See also: Williams v. Oklahoma,* 358 U.S. 576, 584 (1959), approving *Williams v. New York, supra,* finding consideration of unsworn or "out-of-court" information relating to the circumstances of the crime and to convicted defendant's life and characteristics not to be inconsistent with the due process clause.

[6] *Williams v. New York, supra,* at 252.

court again made clear that, in sentencing, a trial judge may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information considered or the source from which it comes.[7] The aim of the sentencing court is to acquire full knowledge of the character and behavior pattern of the convicted defendant before sentencing him, and, as one federal court of appeals has stated it, such effort or synopsis ". . . should include the unfavorable, as well as the favorable, data, and few things could be so relevant as other criminal activity of the defendant, particularly activity closely related to the crime at hand."[8] Another federal circuit appeals court has held: "[P]robable trustworthiness of information concerning other criminal charges [is] . . . far more significant than the procedural stages of the other charges."[9]

This broad latitude of inquiry at the sentencing stage has been extended to consideration of other criminal conduct "even though the defendant was never charged with it or convicted of it."[10] Thus the general rule in the federal courts of appeal, apparent from the above cited cases, is well summarized by the Fifth Circuit Court of Appeals which stated: "[I]t can hardly be argued that the United States Constitution would be offended by a sentencing Judge's considering a defendant's past criminal conduct—though there have been no convictions —in passing sentence judgment."[11] Following these federal appeals court holdings and our own holdings in *Brozovich* and *Waddell*, we find it proper and therefore

---

[7] *United States v. Tucker,* 404 U.S. 443, 446 (1972).

[8] *United States v. Doyle,* 348 F.2d 715, 721 (2d Cir. 1973), cert. denied, 382 U.S. 843, 86 Sup. Ct. 89, 15 L. Ed.2d 84.

[9] *United States v. Metz,* 470 F.2d 1140, 1142 (3d Cir. 1973), cert. denied, 411 U.S. 919 (1973).

[10] *United States v. Weston,* 448 F.2d 626, 633 (9th Cir. 1971), cert. denied, 404 U.S. 1061 (1972).

[11] *Horowitz v. Henderson,* 514 F.2d 740, 741, n. 1 (5th Cir. 1975).

no denial of due process for the sentencing judge to give consideration to a pending charge of carrying a concealed weapon.

The pending charge was considered in the case before us. This was apparent when, responding to defense counsel's assertions to the court that defendant be considered in the same light as a first offender, the trial judge stated: "What is he driving around in Richland County with a couple of pistols and a sawed-off .22 in his car for?" The information concerning the defendant's driving about with weapons in his car was contained in the presentence report, requested by the defendant. Defense counsel was furnished a copy of such presentence report prior to the sentencing hearing. Defendant's counsel admitted on the record that the presentence report was accurate and contained no errors or omissions. In *Waddell* (dealing with complaints, not a pending criminal charge), we noted that: "The defendant had an opportunity to rebut the arguments and information of the prosecuting attorney. He did not. The court's use of this information was not an abuse of discretion."[12]

█ Since the facts contained in the presentence report were not challenged or disputed by the defendant at the time of sentencing, we find no abuse of discretion by the sentencing judge, following the *Brozovich* and *Waddell* rule. The undisputed facts, including the weapons charge, were properly considered. We conclude that defendant on this appeal has failed to show any "unreasonable or unjustifiable basis in the record for the sentence complained of."[13]

*By the Court.*—Judgment and order affirmed.

---

[12] *Waddell v. State, supra,* footnote 4, at 369, 129 N.W.2d at 203.

[13] *See: Jung v. State,* 32 Wis.2d 541, 548, 145 N.W.2d 684, 688 (1966).