STATE of Wisconsin, Plaintiff-Respondent,

v.

Andrew Lee JACKSON, Defendant-Appellant-Petitioner.

Supreme Court

*Nos. 81–1653–CR, 81–1737–CR. Argued January 7, 1983.*
*—Decided February 3, 1983.*

(Also reported in 329 N.W.2d 182.)

For the defendant-petitioner there were briefs and oral argument by *Andrew S. Zieve,* Milwaukee.

For the plaintiff-respondent the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J. This is a review of an unpublished per curiam decision of the court of appeals which affirmed two judgments by the circuit court for Milwaukee county, Robert W. Landry, Judge, reversed one judgment by that court, and affirmed a judgment by the circuit court for Milwaukee county, Ted E. Wedemeyer, Judge.[1]

Case No. 81–1653–CR is an appeal from three judgments of conviction for bail jumping (Case Nos. J–8715, J–8716, J–8717) in violation of sec. 946.49(1)(b), Stats. 1979–80.[2] The court of appeals affirmed two of the judgments (J–8715 and J–8716) and reversed one (J–8717)[3] on the ground that there was insufficient evidence to support the conviction.

Case No. 81–1737–CR is an appeal from a judgment of conviction for delivery of a controlled substance, heroin (party to a crime) (Case No. J–7333), in viola-

[1] By order dated February 5, 1982, the court of appeals consolidated Case No. 81–1653–CR and 81–1737–CR.

[2] "946.49 **Bail jumping.** (1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is: . . . '(b) If the offense with which the person is charged is a felony, guilty of a Class D felony.' "

[3] Case No. J–8717 which was reversed by the court of appeals is not considered on this review. The state does not challenge that decision.

tion of secs. 161.41(1)(a), 161.14(3)(k) and 939.05, Stats. 1979–80.[4]

While Case Nos. J–8715, J–8716, J–8717 and J–7333 were pending, Andrew Jackson, the defendant, was convicted of possession of heroin with intent to deliver in an unrelated case (Case No. J–2229) in the circuit court

---

[4] "161.14   Schedule I. . . . (3) Unless specifically excepted or listed in another schedule, any of the following opium derivatives, their salts, isomers and salts of isomers whenever the existence of these salts, isomers and salts of isomers is possible within the specific chemical designation: . . .

"(k) Heroin; . . ."

"161.41   Prohibited acts A—penalties. (1) Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

"(a) A controlled substance classified in schedule I or II which is a narcotic drug, may be fined not more than $25,000 or imprisoned not more than 15 years or both: . . ."

"939.05   Parties to crime. (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

for Milwaukee county, Michael J. Barron, Judge. At the sentencing hearing in that case, the assistant district attorney James Martin, asked Judge Barron to consider the charges pending against the defendant[5] ". . . because they are evidence of a pattern of behavior which is an indication of the defendant's character."

The trial judge considered the pending charges in sentencing the defendant in Case No. J–2229 but made explicit his belief that they related to ". . . the character of Mr. Jackson and his behavior patterns over the last three, four years." He also stated that he was ". . . not going to sentence him [Jackson] on those [pending] cases by any stretch. . . ." The defendant was sentenced to a prison term of fourteen years. The maximum sentence for the crime of possession of heroin with intent to deliver is fifteen years.

Following his conviction in J–2229, the defendant was convicted in the cases which are the subject of this review.

The issue on review is: Does the double jeopardy clause[6] bar the state's prosecution of a charge after that charge has been taken into consideration as evidence of character in sentencing the defendant on a prior unrelated conviction?

We conclude that it does not and affirm the decision of the court of appeals.

This court has stated that in imposing sentence on a criminal defendant, the trial court may consider pending criminal charges. *Elias v. State,* 93 Wis. 2d 278,

---

[5] In addition to the cases set out in the body of the opinion, the record shows that Jackson also had charges pending for battery to a peace officer (J–4151) and for possession of marijuana (no case number). These cases are not being considered in this review.

[6] United States Constitution, Fifth Amendment.

284, 286 N.W.2d 559 (1980) ; *Brozovich v. State,* 69 Wis. 2d 653, 661, 230 N.W.2d 639 (1975). However, this is the first case in which this court has been asked to determine whether the subsequent prosecution of those charges so considered will violate the constitution's prohibition against double jeopardy.

The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). The supreme court set out the three separate constitutional protections given by that guarantee. The clause ". . . protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Pearce,* 395 U.S. at 717; *United States v. DiFrancesco,* 449 U.S. 117, 129 (1980). It is the latter protection which the defendant seeks to have us invoke here.

For "multiple punishment" to occur, a first punishment for an offense must be demonstrated. The defendant has failed to demonstrate that a first punishment occurred for the convictions he now challenges.

In *Elias,* this court stated that it is the ". . . responsibility of the sentencing court to acquire full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence." 93 Wis. 2d at 285; The trial court is given great discretion in passing sentence. 93 Wis. 2d at 281; *Burlington v. Missouri,* 451 U.S. 430, 443–444 (1981). Further, the supreme court has recognized that the length of prison sentences is ". . . purely a matter of legislative prerogative." *Rummel v. Estelle,* 445 U.S. 263, 274 (1980). See also, *Missouri v. Hunter,* 51 U.S.L.W. 4093, 4096, —— U.S. —— (1983).

Here the legislature provided a sentence for the crime Jackson was convicted of in Case No. J–2229 and the trial judge imposed a sentence falling within the range set. While the record shows the trial judge considered the then pending charges in imposing the sentence, it also shows that Judge Barron stated unequivocally that he was "not going to sentence him on those cases by any stretch." The record further shows that the trial judge was presented with information that the defendant was selling heroin in potentially lethal doses; that the defendant had a prior record; and that the defendant was apparently the head of an organization that sold heroin in the inner city of Milwaukee for a lengthy period of time. This information standing alone certainly would have justified the sentence the trial judge imposed.

If the sentence given the defendant for his first conviction is justified by the facts set out at the sentencing hearing, then the defendant has only been punished for that one offense. These facts appropriately include information on charges pending against the defendant because that information relates to the defendant's character as shown by behavior patterns.

The defendant here was not punished for the then pending charges when the trial judge considered those charges in sentencing him on the earlier conviction. Neither the double jeopardy clause of the Federal Constitution nor the double jeopardy clause of the Wisconsin Constitution[7] prohibited the state from later trying, convicting and sentencing the defendant on those charges.

*By the Court.*—Decision of the Court of Appeals is affirmed.

[7] Wisconsin Constitution, Article I, Section 8. "The application of the state and federal constitutional double jeopardy provision is the same." *Austin v. State*, 86 Wis. 2d 213, 224, 271 N.W.2d 668 (1978).

STEINMETZ, J. *(concurring)*. I agree with the result and reasoning of the majority opinion. However, given the current practice of rotating judges between criminal, civil and other jurisdictions, I believe it necessary to write an addition to the opinion of the court.

The claim of double jeopardy arose because the district attorney asked the trial judge, the Honorable Michael J. Barron, to "consider" the charges pending against the defendant "because they are evidence of a pattern of behavior which is an indication of the defendant's character." I believe it is proper to advise a judge of other pending charges as a presentence report most likely does. However, I believe it may be a double jeopardy violation to specifically ask a judge to "consider" pending charges. If a judge "considers" pending charges, I think it reasonable to presume that such consideration probably increased the total sentence received by a criminal defendant. This would, in my view, violate the double jeopardy clause, since the defendant would be sentenced twice for the same crime if later convicted on the pending charges.

Judge Barron, being a learned and experienced judge in criminal law as well as civil, avoided all potential double jeopardy problems by stating on the record that he was "not going to sentence him [Jackson] on those [pending] cases by any stretch . . . ." The judge sentenced the defendant to a prison term of 14 years. The maximum sentence for the crime of possession of heroin with intent to deliver is 15 years. At the time of sentencing Judge Barron knew the defendant was selling heroin in potentially lethal doses, that he had a prior record, and that he was apparently the head of an organization that sold heroin in the inner city of Milwaukee for a lengthy period of time. There was no need in this case for the district attorney to ask the judge to consider the pending charges in order to obtain a lengthy

sentence. Such a request can only create potential constitutional problems that need not arise.

I am authorized to state that JUSTICE LOUIS J. CECI joins in this concurring opinion.