## State of Vermont v. Edward Doucette

[549 A.2d 268]

No. 86-503

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed June 17, 1988

126

*Jeffrey L. Amestoy, Attorney General,* and *David Tartter, Assistant Attorney General,* Montpelier, for Plaintiff-Appellee.

*Martin and Paolini,* Barre, for Defendant-Appellant.

**Mahady, J.** The issue presented by this interlocutory appeal is whether the use of evidence of alleged prior criminal conduct by the State to enhance a criminal defendant's sentence effectively results in the granting of charge immunity to the defendant as to such alleged prior criminal conduct. We hold that it does not.

Defendant was convicted of aiding in the concealment of stolen property. At the sentencing hearing, the State offered evidence of other alleged prior criminal conduct on the part of defendant. This alleged conduct included charges which were then pending against defendant. The trial court imposed a sentence of not less than two years and not more than eight years to be served. In pronouncing this sentence, the trial judge specifically referred to the State's evidence as to the alleged prior criminal conduct reflected in the other pending charges.

Subsequently, defendant moved to dismiss the pending charges on the ground of double jeopardy. He argued that the State's use of the underlying alleged conduct to enhance the punishment imposed for the conviction of aiding in the concealment of stolen property prevented the State from pursuing the present charges. The trial court denied the motions and granted defendant's request for permission to bring this interlocutory appeal. The trial judge, pursuant to V.R.A.P. 5(b), certified the following question:

> Was the Defendant's double jeopardy protection against multiple punishments violated when the State used extensive testimony and evidence regarding the facts and substance of pending, unresolved charges as the basis of its sentencing argument in a sentencing on another charge?

However, the procedural posture of the case requires us to rephrase the certified question. *In re W.H.,* 144 Vt. 595, 600-01, 481 A.2d 22, 26 (1984). Defendant's motion to dismiss raises the issue whether his double jeopardy rights were violated by the contin-

ued prosecution of the pending charges, not whether his double jeopardy rights were violated at the previous sentencing hearing. A more precise statement of the question is:

> Was the defendant's double jeopardy protection violated by the prosecution of charges after those charges had been taken into consideration in sentencing the defendant on a prior, unrelated conviction?

In Vermont, it is clear that a sentencing court may under proper circumstances take into account criminal acts of the defendant for which the defendant has not yet been charged, tried or convicted. *State* v. *Drake*, 150 Vt. 235, 552 A.2d 780 (1988); *State* v. *Ramsay*, 146 Vt. 70, 499 A.2d 15 (1985). Defendant asserts, however, that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes subsequent prosecution for such acts as were taken into account by the sentencing court. This assertion is without merit.

The consideration of other criminal activity at sentencing simply "does not implicate the Double Jeopardy Clause because the defendant is not actually being punished for the crimes so considered. Rather, the other crimes aggravate his guilt of, and justify heavier punishment for, the specific crime for which defendant has . . . been convicted." *Sekou* v. *Blackburn*, 796 F.2d 108, 112 (5th Cir. 1986). Therefore, the Fifth Amendment does not prohibit the State from trying, convicting and sentencing defendant on those charges. *State* v. *Jackson*, 110 Wis. 2d 548, 552, 329 N.W.2d 182, 185 (1983).

The United States Court of Appeals for the Second Circuit reached a similar conclusion in *United States* v. *Piteo*, 726 F.2d 53 (2d Cir.), *cert. denied*, 467 U.S. 1206 (1984). That court reasoned that evidence of the other, unrelated criminal activity at the previous sentencing hearing was for the purpose of allowing the sentencing judge "to gain a fuller assessment of the defendant so that the punishment will fit the offender and not merely the crime for which he was convicted," in that such evidence shed "new light upon the defendant's life, health, habits, conduct, and mental and moral propensities." *Id.* at 54 (quotations omitted). This analysis is entirely consistent with our previous holdings. See, e.g., *State* v. *Ramsay*, 146 Vt. at 78, 499 A.2d at 20; *In re Morrill*, 129 Vt. 460, 465, 282 A.2d 811, 815 (1971).

Other courts which have had occasion to consider the issue have uniformly held that the Double Jeopardy Clause does not bar prosecutions for criminal activity which had previously been used at sentencing hearings to enhance sentences. See, e.g., *United States* v. *Abbamonte*, 618 F. Supp. 1430, 1436 (D. Conn. 1985); *People* v. *Bankhead*, 123 Ill. App. 3d 137, 139, 462 N.E.2d 899, 900 (1984); *Smith* v. *State*, 308 Md. 162, 172, 517 A.2d 1081, 1086 (1986).

*The certified question as rephrased is answered in the negative. Case remanded.*