STATE of Wisconsin, Plaintiff-Respondent,

v.

Wayne R. ANDERSON, Defendant-Appellant.

Court of Appeals

*No. 97–3070–CR. Submitted on briefs August 13, 1998.—Decided October 14, 1998.*

(Also reported in 588 N.W.2d 75.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Margaret A. Maroney*, assistant public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J.  Wayne R. Anderson appeals from the sentencing provisions of a judgment convicting him of two counts of first-degree sexual assault of a child, § 948.02(1), STATS., and two counts of causing mental harm to a child, § 948.04(1), STATS., and from an order denying his postconviction sentence modification motion. We reverse and remand for resentencing because: (1) Anderson's trial counsel was ineffective when he failed to seek an adjournment of the sentencing hearing to permit him to finish reviewing the presentence investigation report (PSI) with Anderson,

and (2) our confidence that Anderson was sentenced on the basis of accurate information is undermined by the weight the trial court apparently gave to the disputed allegations in the PSI.

## FACTS

The offenses to which Anderson pled no contest and received an eighty-year sentence (out of a maximum possible sentence of 100 years) involved a daughter and son of Anderson's sometime cohabitant. The complaint alleged that on two occasions each, Anderson touched the girl's buttocks and the boy's penis.

At the sentencing hearing, the trial court asked Anderson's counsel whether there were any additions or corrections to the PSI. Counsel advised that Anderson objected to the PSI because the author had not contacted the victims and had instead relied upon the police reports and the foster parents' statements to draft the victim impact section of the PSI. After that objection was addressed, trial counsel also advised the court that he received the PSI only one-half hour before the scheduled start of the sentencing hearing (despite his earlier inquiries regarding the PSI's availability), that the victims' statements were partially inaccurate, and that information derived from police reports was later determined to be untrue. Counsel stated that the PSI did not disclose that some of the PSI's allegations of sexual abuse had been investigated and found to be baseless. In particular, counsel referred to allegations of group sexual activity between Anderson and several children and similar activity between Anderson and a

particular child.[1] At that point, the trial court asked if Anderson wanted to withdraw his pleas and go to trial. After consultation, Anderson declared that he did not want to withdraw his pleas.

The trial court offered to adjourn the sentencing hearing so that the defense would have more time to prepare.[2] After further consultation, Anderson decided to continue with sentencing and trial counsel then renewed his critique of the PSI. Counsel stated that Anderson denied all of the allegations in the police reports and stressed that his pleas related to two counts of sexual contact (fondling two children) and causing mental harm to a child, not to the more aggravated allegations of sexual abuse in the PSI.

The State argued that the PSI illuminated Anderson's character and criminal history and that the trial court should heed it in fashioning the sentence. On several occasions during her argument, the prosecutor alluded to the very disturbing allegations in the PSI. She also argued that the children's trauma had to derive from more than the fondling to which Anderson had pled no contest.

In sentencing Anderson, the trial court remarked that "[t]he description of these events [in the PSI] by the victims make this some of the most aggravated

---

[1] The PSI relied upon police reports for the following information: Anderson forced children to have sexual contact in front of him; Anderson anally assaulted children; Anderson assisted the mother, his cohabitant, in sexually abusing and permitting other men to sexually abuse the children; and Anderson used pliers and kitchen utensils to sexually assault the children.

[2] The trial court noted that if Anderson disputed allegations in the PSI, he should go to trial. As discussed below, instead of a trial on the charged offenses, the proper procedure would have been a hearing to determine the accuracy of the PSI.

violations I have ever heard about or read about." The court also referred to an incident in which Anderson nailed a kitten to a tree. The court further stated that "[t]he combination of this denial, the extremely aggravated nature of these offenses, and the continuing [mental] illness tell me that you are a danger to others. With these serious offenses, to not incarcerate would unduly depreciate their seriousness."

Postconviction, Anderson alleged that the trial court had relied on inaccurate information in sentencing him and that trial counsel was ineffective in the manner in which he handled the sentencing. Specifically, Anderson alleged that counsel failed to request a continuance so that he and Anderson could read the entire PSI; failed to investigate the inaccuracies in the PSI; and failed to submit evidence in support of his theory that Anderson's cohabitant, the children's mother, allowed drug dealing in the home and that other men, convicted sex offenders who visited the house, abused the children. Anderson contended he was prejudiced by counsel's deficient performance because he was unable to refute the inaccurate information in the PSI upon which the trial court relied and he was deprived of his opportunity to argue his theory of mitigation (that the cohabitant and others harmed the children) because counsel did not present any evidence in support of this theory.[3]

After a hearing, the trial court ruled that even if the PSI inaccurately described sexual abuse, the court had not relied upon those allegations in sentencing Anderson. Therefore, the court concluded that any shortcomings by trial counsel had not prejudiced Anderson. Anderson appeals.

---

[3] The cohabitant was prosecuted and convicted for her role in the abuse of the children.

## DISCUSSION

On appeal, Anderson argues that he was denied due process when he was sentenced on the basis of incorrect information. A defendant has a due process right to be sentenced on the basis of true and correct information. *See State v. Johnson,* 158 Wis. 2d 458, 468, 463 N.W.2d 352, 357 (Ct. App. 1990). A defendant who requests resentencing must show that specific information in the PSI was inaccurate and that the court actually relied upon the inaccurate information in sentencing. *See id.* One means of safeguarding the defendant's right to be sentenced on the basis of accurate information is to give the defendant and his or her counsel access to the PSI and an opportunity to refute allegedly inaccurate information. *See State v. Mosley,* 201 Wis. 2d 36, 44, 547 N.W.2d 806, 809 (Ct. App. 1996).

Anderson also argues that trial counsel was ineffective at sentencing. To establish a claim of ineffective assistance, a defendant must show that counsel's performance was deficient and that it prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). The question of whether there has been ineffective assistance of counsel is a mixed question of law and fact. *See State ex rel. Flores v. State,* 183 Wis. 2d 587, 609, 516 N.W.2d 362, 368–69 (1994). Whether the defendant was prejudiced by counsel's deficient performance depends upon whether the defendant can show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See State v. Johnson,* 153 Wis. 2d 121, 129, 449 N.W.2d 845, 848 (1990). Stated differently, but to the same effect, we look to see

whether trial counsel's errors were so serious as to deprive the defendant of a fair sentencing, the result of which is reliable. *See id.* at 127, 449 N.W.2d at 848. The final determinations of whether counsel's performance was deficient and prejudiced the defense are questions of law which this court decides without deference to the trial court. *See State v. Knight,* 168 Wis. 2d 509, 514 n.2, 484 N.W.2d 540, 542 (1992).

The State concedes that Anderson's trial counsel was ineffective for failing to seek an adjournment of the sentencing or in failing to take up the trial court's offer of a continuance so that he and Anderson could complete their review of the PSI. Notwithstanding this concession, the State argues that Anderson was not prejudiced because the trial court stated at the post-conviction hearing that it had not relied upon the disputed information in the PSI in sentencing Anderson. However, portions of the State's argument do not support its stance. For instance, the State's brief recites:

> [I]t is unlikely the trial court would characterize the conduct described in the criminal complaint as 'some of the most aggravated violations' the court had ever heard or read of. Similarly, the court's reference to the extreme trauma suffered by both children, as reported by their foster parents, must have been based on information contained in the 'Victim Statement' portion of the presentence, for there was no such information contained in the criminal complaint, and neither the victims nor their caretakers appeared at the sentencing hearing.

Despite this statement, which comes perilously close to a concession that the prejudice prong is also satisfied, the State argues that the portion of the PSI to

which Anderson objected (allegations of sexual assault which were later recanted) was not actually relied upon by the trial court at sentencing and constituted only a small portion of the lengthy PSI. Therefore, the State reasons, Anderson was not sentenced on the basis of inaccurate information.

We disagree. The tenor of the trial court's sentencing remarks is inconsistent with the facts of the offenses to which Anderson pled no contest. While a trial court may consider uncharged and unproven offenses at sentencing, *see Mosley,* 201 Wis. 2d at 45, 547 N.W.2d at 810, a defendant still has a due process right to be sentenced on the basis of accurate information, *see Johnson,* 158 Wis. 2d at 468, 463 N.W.2d at 357. Even though trial counsel had not reviewed the entire PSI, he did clearly alert the court that Anderson disputed many of the more serious allegations contained in the report. And the words of the trial court tell us that the court relied on those allegations in sentencing Anderson to eighty years in prison.

In summary, Anderson disputed the important and relevant portions of the PSI. Having done that, it was trial counsel's further duty to see that the accuracy of those matters was fully resolved by a proper hearing. Counsel did not do this. As a result, the trial court relied on certain of these disputed portions of the PSI without first resolving the accuracy of the allegations. We hold that Anderson was prejudiced by this process.

The State further argues that if the trial court relied on inaccurate information in the PSI, such was harmless error because Anderson has not challenged the majority of the PSI which describes similarly despicable child sexual abuse. *See State v. Littrup,* 164 Wis. 2d 120, 132, 473 N.W.2d 164, 168 (Ct. App. 1991) (once defendant demonstrates a due process violation by

clear and convincing evidence that he or she was sentenced on the basis of inaccurate information and that this was prejudicial, the burden shifts to the State to demonstrate that the error was harmless). However, on the facts of this case, we reject the State's contention that the unchallenged portions of the PSI demonstrate that any error was harmless. From the trial court's sentencing remarks, it is clear that some of the PSI's allegations which Anderson did challenge influenced the court's assessment of Anderson's character and the gravity of his offenses and its conclusion that a very lengthy sentence was necessary. We are not confident that the PSI did not contribute to the substantial sentence Anderson received. *See State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231–32 (1985) (an error is harmless if there is no reasonable probability that the error contributed to the outcome).

We do not make light of the offenses of which Anderson has been convicted. They represent serious criminal offenses against child victims. However, the allegations in the PSI report demonstrate far more serious and aggravating conduct. Trial counsel's failure to pursue this matter by fully litigating the accuracy of those allegations, coupled with the trial court's reliance on those allegations, shakes our confidence in the outcome of this sentencing proceeding.

A PSI represents an important source of guidance for a trial court in a sentencing proceeding. A sentencing constitutes a critical phase of a criminal proceeding. And, in a case involving a plea of guilty, no contest, or an *Alford* plea, the sentencing undoubtedly is the most critical phase of the proceeding. We acknowledge that sentences are not conducted with the formality of trials. *See, e.g., State v. Scherreiks*, 153 Wis. 2d 510, 521–22, 451 N.W.2d 759, 764 (Ct. App.

1989); *see also* § 911.01(4)(c), STATS. Nonetheless, the trial court has an important factfinding role to perform if facts relevant to the sentencing decision are in dispute. In that setting, the sentencing court must resolve such disputes.

## CONCLUSION

We agree with the State that Anderson's trial counsel was ineffective. However, we disagree with the State's argument that counsel's performance did not prejudice Anderson. We remand for a new sentencing hearing.[4]

*By the Court.*—Judgment affirmed in part and reversed in part; order reversed and cause remanded for proceedings consistent with this opinion.

---

[4] We note that Anderson may exercise his right under § 971.20(7), STATS., to seek a substitution of judge for the resentencing hearing.