STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry A. TIEPELMAN, Defendant-Appellant.†

Court of Appeals

*No. 2004AP914–CR. Submitted on briefs September 7, 2004.
—Decided July 14, 2005.*

2005 WI App 179

(Also reported in 703 N.W.2d 683.)

† Petition to review granted 12-14-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lara M. Herman,* assistant attorney general, and *Peggy A. Lautenschlager,* attorney general.

Before Deininger, P.J., Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J.   The question here is whether a sentencing judge violated a defendant's right to due process by relying on inaccurate information. Tiepelman complains that his sentencing judge acted under the mistaken belief that Tiepelman had over twenty prior convictions, when in fact he had nine convictions. Tiepelman does not dispute his underlying conduct; rather, he argues that he is entitled to resentencing because several instances of his criminal conduct did not, as the sentencing judge mistakenly believed, result in convictions. We agree with the trial judge that there was no prejudicial reliance on inaccurate information and, therefore, no due process violation.

### Background

¶ 2.   Sentencing in this case arose from a 1996 conviction of theft by false representation as a repeater. Tiepelman initially received a withheld sentence and probation, but his probation was revoked and he was returned for the sentencing that is at issue here.

¶ 3. In passing sentence, the judge discussed appropriate sentencing factors, including the severity of Tiepelman's offense, the need to protect the public, and Tiepelman's character. When discussing Tiepelman's character, the judge, relying on a presentence report, said the following:

> Mr. Tiepelman, at the time of the commission of this offense, had a long pattern of similar offenses—or at least offenses of dishonesty, theft, false pretenses, et cetera. *I counted something over twenty prior convictions* at the time of the commission of this offense back in 1995. *They include numerous issuance of worthless checks, they include other forgeries, thefts by false representation, several—more than one forgery, looks like a couple of forgeries, couple of thefts by false representation, theft in a business setting, again, worthless checks.* A well-established pattern of criminal behavior dealing with theft and false representation, issuance of worthless checks, prior to the commission of this offense.

(Emphasis added.) The judge also observed that Tiepelman had a history of assaultive offenses, referring to Tiepelman's "conviction" for battery, "conviction" for violating a no-contact provision, and various bail and bond violation "convictions" relating to no-contact provisions. The judge sentenced Tiepelman to twelve years in prison, four years less than the available maximum.

¶ 4. Although the presentence report was accurate, the judge's recitation of Tiepelman's criminal history was in error. The judge "counted something over twenty prior convictions," but the report shows that only nine of Tiepelman's offenses resulted in convictions. Tiepelman did not point out the error during sentencing, but filed a postconviction motion seeking resentencing. In that motion, Tiepelman argued that

467

the trial judge violated Tiepelman's right to due process because the judge relied on a mistaken view of Tiepelman's criminal record.

¶ 5. The same judge who sentenced Tiepelman presided over the postconviction hearing. At the post-conviction hearing, Tiepelman confirmed that he had not disputed and was not disputing the factual description of the conduct underlying the offenses listed in the presentence report. Thus, Tiepelman conceded that he was not disputing those facts for purposes of his post-conviction motion. The trial judge acknowledged that his reference to "over twenty prior convictions" was wrong. The judge candidly admitted that he did not recall whether he had misspoken or if he had a mistaken belief as to the correct number of convictions. However, the judge concluded that he had not relied on a material inaccuracy because Tiepelman conceded the pertinent underlying conduct, both at sentencing and at the postconviction hearing. The judge explained that he was looking at Tiepelman's "well-established pattern of criminal behavior" and that such behavior was not disputed. The judge denied Tiepelman's motion for resentencing, and Tiepelman appeals.

### *Discussion*

¶ 6. Tiepelman argues that the sentencing judge violated Tiepelman's right to due process because the judge imposed sentence based, in part, on an erroneous understanding of Tiepelman's criminal record.[1] In *State*

---

[1] Waiver is not an issue we address in this decision. At sentencing, neither Tiepelman nor his counsel pointed out the trial judge's mistaken references to "convictions." However, the State does not argue waiver. In one recent case we suggested,

*v. Groth*, 2002 WI App 299, 258 Wis. 2d 889, 655 N.W.2d 163, we summarized the framework used to address such claims:

> A defendant has a due process right to be sentenced based on accurate information. *State v. Johnson*, 158 Wis. 2d 458, 468, 463 N.W.2d 352 (Ct. App. 1990) (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972)). Whether a defendant has been denied the due process right to be sentenced based on accurate information is a "constitutional issue" presenting "a question of law which we review *de novo*." *State v. Coolidge*, 173 Wis. 2d 783, 789, 496 N.W.2d 701 (Ct. App. 1993).
>
> A defendant who asks for resentencing because the court relied on inaccurate information must show both that the information was inaccurate and that the court relied on it. *Id.* The defendant carries the burden of proving both prongs—inaccuracy of the information and prejudicial reliance by the sentencing court—by clear and convincing evidence. *Id. See also State v. Littrup*, 164 Wis. 2d 120, 132, 473 N.W.2d 164 (Ct. App. 1991). Once a defendant does so, the burden shifts to the State to show that the error was harmless. *State v. Anderson*, 222 Wis. 2d 403, 410–11, 588 N.W.2d 75 (Ct. App. 1998). An error is harmless if there is no reasonable probability that it contributed to the outcome. *Id.* at 411.

without deciding, that a defendant's due process challenge to sentencing based on inaccurate information might not be amenable to waiver. *See State v. Groth*, 2002 WI App 299, ¶¶ 25–26, 258 Wis. 2d 889, 655 N.W.2d 163. But other cases assume or suggest otherwise. *See State v. Leitner*, 2001 WI App 172, ¶¶ 41–42, 247 Wis. 2d 195, 633 N.W.2d 207, *aff'd*, 2002 WI 77, 253 Wis. 2d 449, 646 N.W.2d 341; *State v. Samuel*, 2001 WI App 25, ¶¶ 41–43, 240 Wis. 2d 756, 623 N.W.2d 565 (Ct. App. 2000), *rev'd on other grounds*, 2002 WI 34, 252 Wis. 2d 26, 643 N.W.2d 423; *State v. Johnson*, 158 Wis. 2d 458, 470, 463 N.W.2d 352 (Ct. App. 1990) (relying on *Handel v. State*, 74 Wis. 2d 699, 704, 247 N.W.2d 711 (1976)).

*Id.*, ¶¶ 21–22; *see also State v. Littrup*, 164 Wis. 2d 120, 132, 473 N.W.2d 164 (Ct. App. 1991).

¶ 7.   Thus, Tiepelman had the burden of showing, by clear and convincing evidence, both the inaccuracy of some information and that the sentencing judge prejudicially relied on the inaccurate information. In light of the sentencing judge's admission that he could not recall whether he misspoke or instead acted under a misapprehension of Tiepelman's conviction record, the State concedes that Tiepelman has met his burden of showing an inaccuracy in some of the sentencing information. The dispositive issue here is the second prong: Did Tiepelman meet his burden of showing *prejudicial* reliance? We agree with the trial judge that Tiepelman failed to meet this burden.

¶ 8.   Tiepelman argues that the sentencing judge placed particular weight on Tiepelman's character. He claims the sentencing judge held a negative view of his character because the judge incorrectly believed that Tiepelman had been convicted of offenses for which he had not actually been convicted. Tiepelman points out that the judge said that Tiepelman's character, including the danger he posed to the public, was one of the most significant sentencing factors. We conclude, however, that the record supports the trial judge's view that it was Tiepelman's prior conduct that mattered, not the number of his prior convictions.

¶ 9.   Conviction information is normally used by sentencing judges simply as one means of determining whether a defendant has previously engaged in criminal conduct. If, for example, a defendant admits to three prior bank robberies, but only one of those robberies resulted in a conviction—perhaps because of a plea

470

agreement—the sentencing judge typically considers the defendant's actual behavior, not the number of convictions, when assessing his or her character and dangerousness. It is the defendant's prior *behavior* that logically informs a judge of the defendant's character or propensity to commit crimes, not whether that behavior is proven at sentencing by means of a conviction record. Here, the trial judge said as much: "I believe that the . . . sentencing of [Tiepelman] in this case was based on his entire history, and I don't believe that the fact, whether he was convicted or not of the particular offenses bore such significant weight with [me] . . . ." Shortly after that statement, the judge said: "I think that [I] was more looking at a well-established pattern of criminal behavior dealing with thefts and misrepresentation . . . ." Thus, the record here satisfies us that the sentencing judge did not prejudicially rely on the number of convictions, but instead relied on Tiepelman's pattern of conduct.[2]

---

[2] We observe that the State does not argue that the sentence in this case may be affirmed on the basis that the sentencing judge, who also presided over the postconviction hearing, effectively communicated at the postconviction hearing that the information at issue did not affect the sentence he imposed. We would not take such an assertion by the judge at face value, *see Groth*, 258 Wis. 2d 889, ¶ 28, but our analysis of the record in this case reveals that, here, such an assertion would have been credible. Courts in a number of federal circuits have concluded that when the same judge presides at the postconviction hearing and at sentencing, and determines that a sentence would be the same even with corrected information, the defendant has received a sufficient resentencing remedy. *See Reynolds v. United States*, 528 F.2d 461, 461–63 (6th Cir. 1976); *Crovedi v. United States*, 517 F.2d 541, 543–44, 546–47 (7th Cir. 1975); *McAnulty v. United States*, 469 F.2d 254, 255–56 (8th Cir. 1972). Here, the trial judge did not expressly say that

¶ 10. We note that this case is similar to *State v. Lechner*, 217 Wis. 2d 392, 576 N.W.2d 912 (1998). In *Lechner*, even though the sentencing court specifically referred to the presentence investigation report containing inaccuracies as to the number of previous convictions, the supreme court concluded that the sentencing court did not rely on that inaccurate information in imposing Lechner's sentence. *Id.* at 419–23. The sentencing court's focus was on Lechner's past record of offenses and history of undesirable behavior, not on the particular number of convictions. *See id.* at 422.

¶ 11. Tiepelman relies on *Groth* and *State v. Anderson*, 222 Wis. 2d 403, 588 N.W.2d 75 (Ct. App. 1998), but both of those cases are easily distinguished. In both *Groth* and *Anderson*, the sentencing court relied on highly material facts that *the defendant disputed. See Groth*, 258 Wis. 2d 889, ¶¶ 16–19, 27–34 (defendant disputed factual basis for prosecutor's statement, relied on by sentencing court, that defendant had beaten pregnant women); *Anderson*, 222 Wis. 2d at 405–07, 409–10 (in the context of a discussion on ineffective assistance of counsel, defendant disputed allegations of child sexual abuse in a presentence investigation report on which the sentencing court relied).

¶ 12. Finally, Tiepelman, relying on *United States v. Tucker*, 404 U.S. 443 (1972), argues that it does not matter whether he admitted the underlying criminal conduct. In *Tucker*, error occurred when a sentencing-

the sentence would be the same even with corrected information, but the judge's decision arguably implies as much. In any event, we need not, and do not, rely on cases such as *Reynolds*, *Crovedi*, and *McAnulty* because we conclude that Tiepelman has failed to show that the sentencing judge prejudicially relied on inaccurate information.

court relied on prior convictions because those convictions were obtained in violation of the defendant's right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Tucker*, 404 U.S. at 444–45, 447. Tiepelman makes the following argument based on *Tucker*:

> Nor does it matter, as both the lower court and state contend, that Mr. Tiepelman did not contest the facts underlying the dismissed charges. Neither did Tucker. In fact, at sentencing Tucker had personally admitted the facts underlying the convictions[3] which years later were found to have been obtained in proceedings in which he was denied counsel. *Tucker*, 404 U.S. at 444. The supreme court held that the fact that two of the three prior offenses had not resulted in valid convictions, contrary to the sentencing court's belief, entitled the defendant to resentencing. *Id.* at 447–49. Tucker's admission of the facts underlying the offenses made no difference. Tucker, like Mr. Tiepelman and Townsend, was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. *Id.* at 447.

(Footnote added.) Thus, according to Tiepelman, this case is just like *Tucker*, where the defendant's prior behavior was not disputed, but the sentencing court acted under a misapprehension about the number of convictions that resulted from that behavior. Tiepelman's comparison, however, ignores a key circumstance in *Tucker* that is not present here.

---

[3] It is of no consequence here, but we observe that Tiepelman is inaccurate when he asserts that Tucker personally admitted his previous criminal behavior at sentencing. Rather, as the dissent in *Tucker* explains, Tucker admitted this behavior during cross-examination at trial. *United States v. Tucker*, 404 U.S. 443, 449–51 (1972) (Blackmun, J., dissenting).

473

¶ 13. The Supreme Court in *Tucker* lacked confidence that the sentencing court would have imposed the same sentence, not because of the wrongful convictions *per se*, but because those convictions caused Tucker to serve a lengthy term of unconstitutional imprisonment. The *Tucker* Court reasoned that if the sentencing court had realized that Tucker unconstitutionally served a long prison sentence under harsh conditions, the sentencing court might have had a different view of the appropriate sentence. This is evident from the Court's analysis:

> [I]f the trial judge . . . had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding. Instead of confronting a defendant who had been legally convicted of three previous felonies, *the judge would then have been dealing with a man who, beginning at age 17, had been unconstitutionally imprisoned for more than ten years, including five and one-half years on a chain gang.* We cannot agree with the Government that a re-evaluation of the respondent's sentence by the District Court even at this late date will be either "artificial" or "unrealistic."

*Tucker*, 404 U.S. at 448–49 (footnotes omitted; emphasis added). Obviously, the circumstance that the *Tucker* Court was concerned about is not present here. Moreover, Tiepelman offers no reason why a sentencing judge's view of the character of a defendant or of the fairness of the sentence imposed might be affected by a mistake solely regarding whether undisputed criminal conduct resulted in a conviction.

¶ 14. Accordingly, we conclude that Tiepelman has failed to show that the sentencing judge prejudicially relied on inaccurate information in sentencing

him. We affirm the judgment of conviction and the order denying Tiepelman's motion for resentencing.

*By the Court.*—Judgment and order affirmed.