PER CURIAM.
¶ 1 Donavinn D. Coffee appeals the judgment of conviction entered on his pleas of guilty to armed robbery, attempted armed robbery, and first-degree recklessly endangering safety, all as a party to the crimes. See WIS. STAT. §§ 943.32(2), 939.32, 941.30(1), 939.05 (2015-16).[1] He also appeals the order denying his postconviction motion. Because Coffee forfeited the claim that he was sentenced based on inaccurate information, we affirm.
I. BACKGROUND
¶ 2 We limit our background discussion to only those portions of the proceedings relevant to the issue on appeal. The charges to which Coffee pled guilty stemmed from crimes committed in November 2015. During Coffee's sentencing hearing, the State discussed his prior criminal record of two misdemeanor convictions. The State also told the court that Coffee was arrested for a similar armed robbery in December 2011, noting that it was never prosecuted.
¶ 3 While pronouncing sentence, the circuit court referenced the State's assertions about Coffee's prior arrest history and the armed robbery allegation. The circuit court cited Coffee's "pattern" of criminal conduct. For the three crimes to which he pled guilty, the circuit court imposed a total sentence of thirteen years of initial confinement and nine years of extended supervision. The circuit court also made Coffee eligible for the Challenge Incarceration Program and for the Substance Abuse Program, but only after he served the first eight years of the initial confinement portion of his sentence.
¶ 4 Coffee then filed a postconviction motion arguing that the State's assertions regarding the 2011 robbery arrest were misleading and that he was deprived of his constitutional due process right to a fair sentencing hearing as a result.[2] Coffee asserted that he was not previously arrested for an armed robbery.
¶ 5 Following briefing, the circuit court denied Coffee's request for a new sentencing hearing. The circuit court concluded that while Coffee had successfully established both that the State presented inaccurate information and that the circuit court relied upon this information during the sentencing hearing, "this error was harmless because it did not materially affect the court's sentencing decision in this case."
II. DISCUSSION
¶ 6 On appeal, Coffee continues to argue that he is entitled to resentencing because the circuit court relied on the State's inaccurate assertions regarding his prior criminal record and there is a reasonable probability that the reliance impacted the sentence the circuit court imposed. The State submits that Coffee forfeited this claim because at sentencing he did not object to or otherwise challenge the information about his criminal record. We agree with the State.
¶ 7 "A defendant has a ... due process right to be sentenced upon accurate information." State v. Tiepelman , 2006 WI 66, ¶ 9, 291 Wis. 2d 179, 717 N.W.2d 1. To achieve resentencing, "a defendant must establish that there was information before the sentencing court that was inaccurate, and that the circuit court actually relied on the inaccurate information." Id. , ¶ 31. Where trial counsel does not object to the information provided by the State or to the trial court's findings, the defendant has forfeited his right to review other than in the context of ineffective assistance of counsel.[3] See State v. Carprue , 2004 WI 111, ¶ 47, 274 Wis. 2d 656, 683 N.W.2d 31.
¶ 8 Coffee does not argue that his trial counsel was ineffective. Consequently, he forfeited his right to have this court review his claim that the circuit court relied on inaccurate information about the 2011 arrest. Despite having at least three opportunities to do so, Coffee did not object to or correct the information during the sentencing hearing. As summarized by the State:
First, he or his attorney could have corrected the State when it mentioned the arrest. Second, Coffee could have said something when he had a chance to address the court personally before it pronounced sentence. Third, Coffee could have objected when the court discussed the arrest when explaining its sentence or at some point after. Coffee did not do any of these things.
(Record citations omitted.)
¶ 9 Coffee tries to avoid application of the forfeiture rule by asserting that the circumstances presented in the cases cited by the State do not mirror the specific circumstance presented here: namely, a request for resentencing on the basis that the circuit court considered inaccurate information at sentencing. Coffee disagrees with the State's reading of State v. Leitner , 2001 WI App 172, 247 Wis. 2d 195, 633 N.W.2d 207, which it cites as support for the premise that the forfeiture rule applies to claims that a circuit court considered improper matters at sentencing. He submits that, unlike the constitutional claim at issue here, in that case the issue centered on statutory interpretation: whether the sentencing court violated the expunction statute by relying on an improper factor. See id. , ¶¶ 38-47.
¶ 10 Coffee reads Leitner too narrowly. That decision supports the State's position that the failure to contemporaneously object to allegedly inaccurate information at sentencing constitutes forfeiture. See id. , ¶ 41. The time for Coffee to object was at sentencing. See, e.g. , State v. Benson , 2012 WI App 101, ¶ 17, 344 Wis. 2d 126, 822 N.W.2d 484 (addressing a request for resentencing based on inaccurate information and concluding that the appellant forfeited the issue based, in part, on his failure to correct or object to the information at sentencing, citing Leitner ).
¶ 11 Coffee goes on to argue that Tiepelman contradicts the State's conclusion that this claim is forfeited unless pursued as an ineffective assistance claim. In this court's decision in Tiepelman , which was later reversed on other grounds, we explained that the State did not argue forfeiture and the issue was not addressed in the decision. See State v. Tiepelman , 2005 WI App 179, ¶ 6 n.1, 286 Wis. 2d 464, 703 N.W.2d 683, rev'd , 291 Wis. 2d 179, ¶ 2. The Wisconsin Supreme Court likewise did not address forfeiture. Thus, we are not convinced that Tiepelman contradicts application of the forfeiture rule.
¶ 12 The forfeiture rule is a rule of judicial administration. See Leitner , 247 Wis. 2d 195, ¶ 42. While we may ignore a forfeiture and reach the merits of an issue, we choose not to do so here because Coffee had numerous chances to object to the 2011 arrest information during the sentencing hearing and failed to do so. See id. ; see also State v. Pinno , 2014 WI 74, ¶ 56, 356 Wis. 2d 106, 850 N.W.2d 207 ("The forfeiture rule facilitates fair and orderly administration of justice and encourages parties to be vigilant lest they lose a right by failing to object to its denial.").
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In his postconviction motion, Coffee alternatively sought sentence modification. The circuit court denied his request, and Coffee does not pursue that claim on appeal.

We use "forfeiture" rather than "waiver" consistent with the terminology adopted in State v. Ndina , 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612.