COURT OF APPEALS
DECISION
DATED AND FILED

June 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1653-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF1913

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES E. CURRY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. James E. Curry appeals from a judgment of conviction, entered upon a guilty plea, for one count of hit and run resulting in death. He also appeals from the order denying his motion for postconviction relief without an evidentiary hearing. Curry argues that he received ineffective assistance of counsel at sentencing and requests a new sentencing hearing. Upon review, we affirm.

## BACKGROUND

¶2 Curry was charged with second-degree reckless homicide and hit and run resulting in death after the State alleged he operated a vehicle that was involved in an accident that resulted in the death of J.L. on May 12, 2020. According to the criminal complaint, Milwaukee police responded to an automobile accident between a Toyota Camry and a Kia Forte. The Toyota was upside down, having slid down an embankment, and the driver, C.A., had been able to extricate himself. However, C.A. reported his passenger, J.L., was not responsive. Police and fire department personnel extracted J.L. from the vehicle and transported her to the hospital, where she died on May 20, 2020. The Kia was unoccupied, but three Wisconsin Department of Transportation (DOT) documents inside the vehicle were addressed to Curry.

¶3 C.A. reported to police that he was traveling northbound on Sherman Boulevard, when he made a left turn, and the Kia entered the intersection coming southbound at a high rate of speed. The Kia struck his car and forced his car down the embankment and flipped over. A female citizen, present at the scene, reported to police that she heard and saw the collision. She reported that after the crash, she saw a man in the Kia removing a child from the back seat of the car and

hurrying away from the scene, lifting his shirt as he passed by in what appeared to be an effort to conceal his face.

¶4 During a search of the Kia, police found oil change receipts, a letter from an employer, and an appointment notification from the Department of Corrections (DOC) all addressed to Curry. Police also recovered a latent print from the interior driver's side door handle that matched Curry; the latent print examiner also noted that there were no overlays to the print, which suggested that the last person to touch the door had left the print.

¶5 Police recovered a data recording module from the Kia. It showed: 2.5 seconds before the crash, the Kia was traveling 78 mph; 1.5 seconds before the crash, the Kia was traveling 75 mph and the brakes were applied by the driver; one second before the crash, the Kia automatically activated its antilock braking system causing the car to slow from 69 mph down to 46 mph at the point of impact. The speed limit on Sherman Boulevard in that area was 30 mph.

¶6 In March 2021, Curry elected to resolve the case with a plea. The State informed the circuit court that in exchange for a guilty plea on count two, the State would dismiss and read in count one, with both parties free to argue sentencing. During the plea colloquy with the circuit court, Curry stated that the facts alleged in the criminal complaint were true. After a thorough colloquy, the court accepted Curry's plea.

¶7 The sentencing hearing was held in May 2021. The prosecutor referenced that "it was the most callous crime [for Curry] … just to grab … his kid out of that car and book the scene like he did holding … his T-shirt over his face as he passed by the citizen witness in an effort to conceal his identity." In

discussing Curry's actions during the investigation and his criminal history, the prosecutor again stated that Curry "had the child with him when he committed the crime."

¶8     The circuit court reviewed the seriousness of the crime, noting Curry's high-speed driving through a busy neighborhood during the day, the stunning impact of the accident, and Curry's decision to flee with his face concealed after grabbing his child from the car.  The court acknowledged that Curry claimed that the witness who saw him with the child was mistaken.[1] However, in response to the letters from Curry's family calling him a "great father," the court concluded "a great father" would not have "his child in his car while he's operating a motor vehicle at 78 miles an hour on a city street in the middle of the day."  The court ultimately imposed a seventeen-year sentence, bifurcated as twelve years of initial confinement and five years of extended supervision.

¶9     Curry filed a WIS. STAT. RULE 809.30 (2021-22)[2] motion for postconviction relief, asking the court to vacate his sentence based upon ineffective assistance of counsel at the time of sentencing and set the matter for a new hearing.  Curry argued that trial counsel was deficient for failing to investigate whether the child was in the car at the time of the incident despite having contact with Curry's family and the mother of the child.  Further, he asserts

---

[1] The circuit court referenced the pre-sentence investigation report, in which Curry denied having anyone else in the vehicle at the time of the crash and stated that the witness was mistaken about seeing him remove a small child from the vehicle.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

4

that the witness failed to identify Curry in the photograph identification conducted by police and instead positively identified a dissimilar person as the person leaving the scene with a child. Curry also argued that the court's repeated references to the child's presence showed it was a negative factor in Curry's sentencing; therefore, refuting that the fact could have affected the outcome.

¶10 The circuit court denied Curry's motion without a hearing. The court noted that Curry's motion did not allege that he was sentenced on inaccurate information, and he made no showing that a child was not in the car during the incident. The court continued that even if it had accepted Curry's claim that the child was not in the car, "the court would have found that his conduct was no less aggravated, and the sentence would have been no different." The court recounted that Curry had never been issued a driver's license, his license status had been revoked, and he should not have been driving at all that day, much less driving 78 mph "in the middle of the afternoon in a busy neighborhood." The court considered Curry's speed prior to the crash to "shock[] the conscience." Further the court noted that Curry fled the scene. The court concluded that while information about the presence of the child did not help Curry's position at sentencing, the court would not have imposed any lesser sentence without it, because the sentence was imposed to "accomplish the goals of punishment, deterrence, and community protection."

¶11 Curry now appeals.

**DISCUSSION**

¶12    Curry argues that he is entitled to a ***Machner***[3] hearing on his ineffective assistance of counsel claim.   He asserts that trial counsel was ineffective for failing to respond to the information argued at sentencing that a child was present in his vehicle during the crash.

¶13    To be entitled to a ***Machner*** hearing, a defendant must allege sufficient material facts to support a claim of ineffective assistance of counsel. ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.   When the motion is denied without a hearing, this court independently reviews two questions of law:   (1) whether a defendant's postconviction motion "on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief" and (2) "whether the record conclusively demonstrates that the defendant is not entitled to relief."   ***State v. Jackson***, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608.   If the motion does not support relief based on those two questions, "then either option—holding a hearing or not—is within the circuit court's discretion."   ***State v. Ruffin***, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432.   "We review a circuit court's discretionary decision under the deferential erroneous exercise of discretion standard."   ***Allen***, 274 Wis. 2d 568, ¶9.

¶14    A defendant has the right to effective assistance of counsel at sentencing.   ***Darden v. Wainwright***, 477 U.S. 168, 184 (1986).   To succeed on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test in ***Strickland v. Washington***, 466 U.S. 668, 687 (1984):   deficient

---

[3]    ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

6

performance and prejudice to the defense from that performance. To show deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Specifically reviewing an ineffective assistance of counsel claim for failing to challenge inaccurate information at sentencing, "we look to see whether trial counsel's errors were so serious as to deprive the defendant of a fair sentencing[.]" *State v. Anderson*, 222 Wis. 2d 403, 408-09, 588 N.W.2d 75 (Ct. App. 1998).

¶15 For the deficiency prong, Curry argues that trial counsel's performance was deficient for failing to foresee two issues during sentencing and for failing to investigate two avenues to show the child was not in the vehicle at the time of the crash. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. While we must carefully analyze whether trial counsel's investigations were adequate, counsel need not be perfect. *State v. Thiel*, 2003 WI 111, ¶40, 264 Wis. 2d 571, 665 N.W.2d 305.

¶16 Curry alleges trial counsel should have reasonably foreseen two issues at the time of sentencing that prejudiced his defense. First, counsel should have foreseen that the court would consider Curry removing a child from the vehicle an aggravating factor in sentencing. However, the record reflects that Curry expressly told the court that the facts in the complaint were true; thus, trial counsel would have to argue Curry was untruthful to counter his admission. Second, Curry argues that counsel should have foreseen that if Curry denied that

7

the child was present, after not challenging the fact previously, it would undermine goodwill gained by taking responsibility with a plea. Although the loss of goodwill may be a concern, we conclude that trial counsel would not be deficient for failing to argue that Curry was untruthful after his admission to the facts in the complaint. *State v. Toliver*, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994) ("[T]rial counsel was not ineffective for failing or refusing to pursue feckless arguments.").

¶17   Next, Curry asserts that trial counsel had access to his cooperative family, including the mother of his child, who could have established the location of the child at the time of the crash. The record reflects a presumption that the child in the car was Curry's child; however, the identity of the child was not proven. Furthermore, even if family members had established where Curry's child was at the time of the crash, that child's absence would not have corroborated Curry's statement that he was alone in the car. This claim fails.

¶18   Finally, Curry contends that trial counsel should have challenged the reliability of the citizen witness's identification of the person removing a child from the scene of the crash. However, the State argues that information that the witness identified the wrong person in a photo identification array does not establish that the witness's report about seeing the Kia driver remove a child from the vehicle following the crash was wrong. This claim fails.

¶19   Curry argues that the "factual discrepancy" regarding the presence or absence of a child in the vehicle at the time of the crash was relevant to his sentencing and could be resolved in an evidentiary hearing. However, a *Machner* hearing would investigate what trial counsel knew about Curry's denial of the child's presence and what defense strategies trial counsel pursued. It would not

8

reach that fact question directly, especially without Curry alleging the specific, material factual basis for his claim in his postconviction motion.

¶20 We conclude that Curry fails to show deficient performance because he offers only conclusory allegations about what trial counsel could have done. "[A] defendant who alleges a failure to investigate on the part of [trial] counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case." *State v. Leighton*, 2000 WI App 156, ¶38, 237 Wis. 2d 709, 616 N.W.2d 126. Here, Curry asserts that trial counsel failed to investigate, but not what a more reasonable investigation would have yielded. He does not allege specific facts to prove that his child was not in the vehicle. He does not offer an affidavit from cooperative family members. He does not explain what information counsel would have found with proper investigation, or how that information could be found prior to sentencing and counsel failed to pursue it. We conclude that Curry's claim of deficient performance fails. *Strickland*, 466 U.S. at 688.

¶21 Turning to the prejudice prong, Curry argues that trial counsel's failure to counter inaccurate information about the presence of the child at the crash prejudiced his case was shown by the circuit court referencing the issue several times during sentencing remarks.[4] The record reflects that the circuit court

---

[4] We note that, as the State points out, Curry misunderstands the prejudice prong. Curry argues that the burden of the party alleging inaccurate information at sentencing need only show actual reliance, not prejudicial reliance. While this is true for inaccurate sentencing claims, here, Curry's ineffectiveness claim is assessed on whether he has asserted sufficient facts to show the counsel's deficient performance prejudiced his defense. In other words, Curry must show that there was a reasonable probability of a different outcome at sentencing but for trial counsel's failure to challenge inaccurate information that the child was in the car. *State v. Anderson*, 222 Wis. 2d 403, 408, 588 N.W.2d 75 (Ct. App. 1998). Actual reliance is the standard for a direct inaccurate information at sentencing claim. *State v. Tiepelman*, 2006 WI 66, ¶26, 291 Wis. 2d 179, 717 N.W.2d 1.

was outraged by Curry driving without a license at more than twice the speed limit in a busy neighborhood in the middle of the day. While it is true that the court referenced the child's presence, the court's comments appeared within a thorough analysis of Curry's conduct, the necessity of punishment, and the required sentencing objectives.[5] We conclude that Curry has failed to show the allegedly inaccurate information had an effect on him receiving fair sentencing; therefore, he has failed to prove prejudice. *Anderson*, 222 Wis. 2d at 408-09. Accordingly, Curry's ineffectiveness claim fails on both prongs.

¶22 We conclude that the circuit court properly exercised its discretion when it denied Curry's postconviction motion without a hearing. Curry fails to provide the necessary "who, what, where, when, why, and how" of his claim with material factual objectivity to allow for a meaningful assessment by this court. *Allen*, 274 Wis. 2d 568, ¶23. Curry has not alleged sufficient material, non-conclusory facts to be entitled to a *Machner* hearing. Further, although Curry disputes that the record conclusively demonstrates he is not entitled to relief, we disagree.

## CONCLUSION

¶23 For the reasons stated above, we conclude that Curry has not shown ineffective assistance of counsel and his claim fails. Further, his failure to allege sufficient material facts to show ineffective assistance means it was within the

---

[5] We note that in its postconviction decision, the circuit court concluded that "[i]nformation about the presence of a child did not help the defendant's position at sentencing, but the court would not have imposed any lesser sentence without it." Although the court's postconviction statement is not dispositive, we independently conclude that the record demonstrates that trial counsel's failure to respond to references to the child was not prejudicial.

circuit court's discretion to deny his postconviction motion without a hearing. We affirm the judgment and order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.